IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:**

| | | |
|---|---|---|
| **GOOD WORKS HOUSING LLC** | : | **CHAPTER 11, SUBCHAPTER V** |
| | : | |
| Debtor. | : | **BANKRUPTCY NO. 25-12224-djb** |

**DEBTOR'S OBJECTION TO
AMENDED PROOF OF CLAIM NO. 6 FILED BY JICIANA KNIGHT**

The Debtor, by and through counsel, Regional Bankruptcy Center of Southeastern PA, P.C., objects to Amended Claim No. 6 filed in this case by the Jiciana Knight on or about October 10, 2025, and in support thereof respectfully represents as follows:

1. Debtor filed a Voluntary Petition under Chapter 11, Subchapter V, of the Bankruptcy Code in this case on June 2, 2025.

2. Jiciana Knight (hereinafter "Claimant") filed her Amended Proof of Claim No. 6 on or about October 10, 2025, asserting a claim in the amount of $12,669.02, allegedly based on "Cost for flooring to be installed – claimant paid for flooring and shipping – debtor has not given the floors". A copy of Amended Proof of Claim No. 6 filed by the Claimant is attached hereto and incorporated herein, marked as Exhibit "A".

3. Amended Proof of Claim No. 6 filed by the Claimant does not include any contract between the Debtor and Claimant for the installation of flooring. Therefore, the stated basis of Amended Proof of Claim No. 6 is either inaccurate or is not supported by either the Proof of Claim itself or any supporting documentation.

4. Rather Amended Proof of Claim No. 6 has three attachments that collectively may indicate that flooring was purchased in the amount of $8,872.52, plus a processing fee of $265.30, for a total of $9,137.82, invoiced to the Debtor and shipped to the Claimant from

Alibaba.com. Attachment 1 to Amended Proof of Claim No. 6 includes a separate invoice for shipping costs in the amount of $3,428.35, or $3,531.20 if paid late.

    5.    Nothing in Amended Proof of Claim No. 6 indicates that Claimant paid the Debtor or Alibaba.com $12,669.02, or any portion thereof.

    6.    Claimant indicated in an oral conversation that she and the Debtor split the cost of the purchase of the flooring indicated in the Attachments to Amended Proof of Claim No. 6, but has not provided any documentation to show how much, if any, she paid toward the cost of the flooring. In the same oral conversation, Claimant indicated that only a small portion of the flooring was to be installed at her home, and it was installed. According to Claimant, the remainder of the flooring was a joint investment by the Debtor and Claimant, and was to be sold at a profit, with the profits to be split proportionally to the amount each paid toward the cost of the flooring after allowance for the small portion of flooring that was installed at the Claimant's home. Again, however, Claimant has not attached any documents to indicate the terms of any contract between her and the Debtor with respect to the financial arrangements between them, either with respect to the purchase, sale, or split of profits from the sale of the flooring.

    7.    According to Claimant, the flooring was stored at a location owned by another entity in which the Debtor's Managing Member has an interest. The remaining flooring apparently suffered water damage and an insurance claim was filed and paid at a depreciated claim amount.

    8.    Unless and until Claimant can produce documentation to show that the stated basis of her claim is accurate, *i.e.*, that there is a contract between the Debtor and her under which the Debtor is obligated to install flooring for her, Amended Proof of Claim No. 6 should be disallowed without prejudice.

9. In the alternative, if as seems more likely, Claimant was entitled to a proportionate share of the value of the flooring, she is now entitled to a proportionate share of the insurance claim paid for the loss of the flooring upon documentation of her share of the remaining flooring after installation of the small portion of flooring at her home.

WHEREFORE, the Debtor requests that this Honorable Court enter the Proposed Order accompanying the Objection disallowing Amended Claim No. 6 filed by Jiciana Knight, without prejudice.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:

_____
Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Attorney for Debtor/Objector