IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

GOOD WORKS HOUSING LLC      :    CHAPTER 11, SUBCHAPTER V
                   :
   Debtor.              :    BANKRUPTCY NO. 25-12224-djb

**DEBTOR'S OBJECTION TO MOTION OF JICIANA KNIGHT
TO PROCEED UNDER PSEUDONYM AND MOTION TO SEAL
PURSUANT TO 11 U.S.C. §107(c) AND FED. R. BANKR. P. 9037**

    The Debtor, Good Works Housing LLC, by and through counsel, Regional Bankruptcy Center of Southeastern PA, P.C., hereby responds to the Motion of Jiciana Knight to Proceed Under Pseudonym and Motion to Seal Pursuant to 11 U.S.C. §107(c) and Fed.R.Bankr.P. 9037, and in support thereof respectfully represents as follows:

    1.   Admitted in part, denied in part. It is admitted that Jiciana Knight is proceeding pro se and that, in filing the instant motion, she seeks to protect personal identifying information, including her name, address, e-mail and telephone number. However, it is denied that Jiciana Knight is a creditor of the Debtor or that she is entitled to the relief she is seeking.

    2.   Admitted in part, denied in part. It is admitted that Jiciana Knight has filed documents in this case containing personal identifying information. It is denied that such documents were filed without knowledge of the Bankruptcy Code and Rules in that, after reasonable investigation, Debtor is without information sufficient to form a belief as to the state of Jiciana Knight's knowledge when she filed previous documents under her name in the case. By way of further response, if Jiciana Knight filed the documents without knowledge of the Bankruptcy Code section and Bankruptcy Rule cited, it was only because she did not think that she needed any such protection and therefore did not research the matter.

3. The averment constitutes a conclusion of law to which no response is required.

4. Denied. Jiciana Knight has only suggested that she has such information but has not submitted any such allegations or documentation. Jiciana Knight worked with the Debtor more than two years ago, so any information she may have is dated and not likely relevant to the instant case or her attempt to make a claim in the case. Instead, Ms. Knight proceeded with filing a claim, then amending it, but demanding double in a settlement demand, thereby using her filing of claims and motions for an improper purpose subject to sanctions under Bankruptcy Rule 9011. By way of further response, Jiciana Knight already publically disclosed her identity when she filed original Proof of Claim No. 6 and when she has appeared in open Court. Moreover, 11 U.S.C. §107(c) does not permit the Court to seal the record of a case, or a portion thereof, because a litigant <u>may</u> be exposed to identity theft or "retaliation, harassment, or harm", only if the disclosure of personally identifying information "<u>would</u> create undue risk of identity theft or other unlawful injury to the individual or the individual's property." (emphasis added) Not only has Jiciana Knight already disclosed her own identity, but has utterly failed in paragraph 4 or any other averment in the instant motion to set forth any information to show that she can meet the extraordinary burden necessary to establish entitlement to relief under §107(c). The combination of that failure and the fact that Jiciana Knight already publically disclosed her identity is fatal to her motion seeking that the record be sealed with respect to her or that she be permitted to proceed under a pseudonym in this case. *See In re Creighton*, 490 B.R. 240, 244-46 (Bankr. N.D. Ohio 2013) ("the [parties from whom the Debtor sought protection under §107(c)] would continue to have the knowledge and information [of the Debtor's bankruptcy filing]. That bell cannot be unrung."

5. Admitted, but that does not entitled Jiciana Knight to the relief sought.

6. Admitted in part, denied in part. It is admitted that Jiciana Knight is requesting permission to proceed as "Anonymous Creditor" or "Jane Doe" in her filings in this case, but it is denied that Jiciana Knight is entitled to that relief.

7. Admitted in part, denied in part. It is admitted that Jiciana Knight is requesting that the Clerk restrict public access to her prior filings in this case containing identifying information and substitute redacted versions, but it is denied that Jiciana Knight is entitled to that relief.

**AFFIRMATIVE DEFENSES**

8. The foregoing responses in paragraphs 1 through 7 above are incorporated herein as if set forth in full.

9. 11 U.S.C. §107 – Public access to papers, provides in relevant part that:

> (a)  Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an <u>entity</u> at reasonable times without charge.

*     *     *     *

> (c)
>> (1)  The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>>
>>> (A)  Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>>>
>>> (B)  Other information contained in a paper described in subparagraph (A).

10. Jiciana Knight's Motion to Proceed Under Pseudonym and Motion to Seal Pursuant to 11 U.S.C. §107(c) and Fed.R.Bankr.P. 9037 fails to aver any legal, statutory basis for the Court to seal the record, or portions thereof, or to allow Ms. Knight to proceed under a pseudonym in the Debtor's case. Jiciana Knight should be barred from presenting allegations of

new information not included in the instant motion at any hearing that may be held on the instant motion without first seeking leave of Court to amend the instant motion, and if granted, Ms. Knight's including such information in any amended motion filed in the case, so as to permit the Debtor to present evidence in opposition to any such new information and/or allegations.

11.  Despite having been afforded more than one opportunity to comply with the Local Bankruptcy Rules for the Eastern District of Pennsylvania with respect to the instant motion, Jiciana Knight has failed to do so.  Therefore, Debtor was not obligated to respond to the instant motion, and the Court should not schedule or hold any hearing on the instant motion or permit Ms. Knight to identify herself as anyone other than her actual identity in any other proceedings in the case that take place prior to Ms. Knight's complying with the Local Rules in scheduling a hearing on the instant motion.

**WHEREFORE**, for the reasons set forth above, the Debtor requests this Honorable Court to enter an Order denying the Motion of Jiciana Knight to Proceed Under Pseudonym and Motion to Seal Pursuant to 11 U.S.C. §107(c) and Fed. R. Bankr. P. 9037.

Respectfully submitted,
REGIONAL BANKRUPTCY CENTER OFSOUTHEASTERN PA, P.C., by:

_____

Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Attorney for Debtor