**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

| | | |
|---|---|---|
| **GOOD WORKS HOUSING LLC,** | : | **CHAPTER 11, SUBCHAPTER V** |
| | : | |
| **Debtor.** | : | **BANKRUPTCY NO. 25-12224-djb** |

**<u>FOURTH AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS DEBTOR UNDER CHAPTER 11, SUBCHAPTER V, DATED APRIL 16, 2026</u>**

**Background for Cases Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The Debtor is a limited liability company, established on October 24, 2018, by registration with the Secretary of State of the Commonwealth of Pennsylvania, Entity No. 6788733. Since 2018, the Debtor has been in the business of real estate investment, renovation, and management.

The business operations of the Debtor started in October, 2018, and the Debtor has operated as a real estate investment company since then. The investments have consisted largely of buying and renting one to three unit residential properties in Philadelphia, Pennsylvania. At times the business has purchased and renovated single family homes for resale as part of the business model. The additional revenues from the net proceeds of such resales have assisted the Debtor in filling any shortcomings due to needed capital repairs and/or delinquent rent payments associated with the properties. Two important elements of the Debtor's business model have been the ability to obtain short term construction loans refinanced at maturity through longer term financing, and attracting investment capital for particular projects through joint venture agreements with private investors many of whom did not have an equity stake in the Debtor, but some of whom became members of the Debtor during the period when they were active investors in a particular real property.

Beginning in 2023, and creating serious financial pressure by 2024, the Debtor and its founding member experienced litigation, primarily under Pennsylvania Act 135, which prevented the Debtor from refinancing construction loans due to *lis pendens* filed against certain properties of the Debtor by Act 135 petitioners. Without clear title to the properties subject to litigation, the Debtor was unable to obtain new longer term financing, leading to several foreclosure cases by short term lenders. In particular, lenders have filed foreclosure cases against the Debtor with respect to mortgage loans on three of the Debtor's properties, 505 W. Dauphin Street, Philadelphia, PA 19133 (hereinafter "Dauphin"), 1311 S. 47th Street, Philadelphia, PA 19143 (hereinafter "1311 S. 47th"), and 1927 S. Salford Street, Philadelphia, PA 19143 (hereinafter "Salford"). The Debtor initially lost title to the property at 2715 N. Newkirk Street, Philadelphia, PA 19132 (hereinafter "Newkirk"), in a May 21, 2025 tax sale, but the successful

Debtor Name:  ___Good Works Housing LLC___                    Case number: 25-12224-djb

bidder tendered only a deposit at the time of the tax sale, but did not tender the remaining funds necessary to acquire a deed for the property.  Therefore, the property remains titled in the name of the Debtor.  The house on the property was demolished by the City of Philadelphia, and a claim has been filed asserting liens for both taxes and the demolition cost.

The Debtor entered into an agreement of sale for the sale of the Debtor's property located at 1333 W. Jerome Street, Philadelphia, PA  19140 (hereinafter "Jerome") in 2025 before filing the Voluntary Petition in this case on June 2, 2025.  The closing on the sale of Jerome occurred on June 18, 2025.  In addition to the funds distributed for costs of sale such as a seller's assist, real estate commission, outstanding City of Philadelphia liens, and other standard closing costs, $28,792.19 of the proceeds from the sale were distributed by the closing agent to FirstTrust Bank to satisfy the first mortgage on the property, and $260,988.39 of the proceeds from the sale were distributed by the closing agent to the private investor in the development of Jerome, Adrian Walker.

Please see the attached spreadsheets marked as Exhibits "A-1" and "A-2" that provide a history of the properties purchased, and retained or sold by the Debtor, and their current status.

The Debtor also has a 50% membership interest in Understated LLC, a Pennsylvania limited liability company.  Understated LLC recently settled a case involving ownership of a real property located at 2713 W. Glenwood Avenue, Philadelphia, PA  19121 (hereinafter "Glenwood"), under which Understated LLC expects to close on a purchase of Glenwood at a price set by the Orphans' Court.  This acquisition by Understated LLC will result in the Debtor's effectively owning a 50% share of Glenwood, and its net revenue stream.

Disclosures pursuant to 11 U.S.C. §1129(a)(5):

Anthony S. Goodwin, Managing Member of the Debtor, is a licensed contractor and will continue to serve in the capacity of Managing Member after confirmation of the Plan of Reorganization.  The continuance in such office of Anthony S. Goodwin in such capacity is consistent with the interests of creditors and equity security holders and with public policy.  Anthony S. Goodwin will receive modest compensation for continuing to serve as Managing Member of the Debtor through completion of the Plan of Reorganization, but only to the extent the Debtor's revenues exceed operating expenses and the financial requirements of this Plan of Reorganization.  Mr. Goodwin will also retain his equity interest in the Debtor post-confirmation and post-discharge.

**B.  Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation.  Under this Plan of Reorganization, all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity-interest holders would receive in a Chapter 7 liquidation because a liquidation would only generate sufficient funds to pay a portion of secured claims and

2

Debtor Name: ____Good Works Housing LLC____          Case number: <u>25-12224-djb</u>

administrative costs, with nothing remaining for unsecured creditors. A liquidation analysis is attached to the Plan, marked as Exhibit "B".

### C.  Ability to Make Future Plan Payments and Operate Without Further Reorganization

The Debtor will have sufficient financial resources over the life of the Plan to make the required Plan payments, to pay administrative costs, and to operate the Debtor's business, under the terms of this Fourth Amended Plan of Reorganization. The Debtor will derive the funds necessary to fund the Plan as well as ongoing business operations from a combination of rental revenues and proceeds from property sales and refinancing, and/or reducing debt service thereby.

A projection of revenues that support the Debtor's ability to make all payments required by the Plan, in the form of the Debtor's Rent Roll, is attached to this Plan, marked as Exhibit "C". In addition to the rental revenues, the Debtor plans to sell one property, 1311 S. 47th, and to transfer title to another property, Dauphin, while retaining a minority interest in Dauphin, and to use the proceeds of the 1311 S. 47th and Dauphin sales to pay off mortgage balances and other liens, and to fund additional property acquisitions from any residual proceeds in order to generate additional rental revenues that will help fund the Plan.

The Debtor had planned to sell Salford but the prospective buyer's financing was not approved at the level expected, and therefore the Debtor has decided to retain Salford and refinance the matured loan on the property. An agreement of sale has been entered into for 1311 S. 47th, and a Stipulation has been reached with the first mortgage lender that will facilitate the sale of the property. However, closing will be scheduled within several months and will occur either by May 4, 2026, or within thirty (30) days thereafter, due to a contingency in the tentative agreement of sale under which the Debtor must obtain zoning approval for three rental units in the 1311 S. 47th property.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by §1191(d) of the Bankruptcy Code) for the period described in §1191(c)(2) starting at $8,500.00 monthly, then $4,075.00 monthly after the dispositions of 1311 S. 47th and a majority interest in Dauphin (less the Debtor's share of expenses including, but not limited to post-petition mortgage payments, real estate taxes and insurance cost – 100% on Salford, 50% on Glenwood (as a member of Understated LLC), and 35% on Dauphin). Upon closing of sale on 1311 S. 47th and transfer of Dauphin, those revenues will be reduced, but likewise the Debtor's monthly debt service will also be reduced, leaving the Debtor with significantly less debt and positive cash flow.

To the extent the current projection of rental revenues based on the rent roll exceeds rental revenues actually collected during the Debtor's recent experience, such increased collections are attributable to completion of renovations, and entering into leases with new tenants.

Debtor Name: ___Good Works Housing LLC___          Case number: 25-12224-djb

## ARTICLE 1:  SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Good Works Housing LLC (the "Debtor") from sale of assets, cash flow from operations, and/or future income.

This Plan provides for:

| | |
|---|---|
| 1 | class(es) of priority claims |
| 2 | class(es) of secured claims |
| 1 | class(es) of non-priority unsecured claims |
| 2 | class(es) of equity security holders |
| 1 | class(es) of other claims |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at a total dollar amount of approximately $20,000.00.  This Plan also provides for full payment of administrative expenses/claims and priority claims.

All creditors and equity security holders should refer to Articles 3 through 7 of this Plan for information regarding the precise treatment of their claims.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE 2:  CLASSIFICATION OF CLAIMS AND INTERESTS

2.01:  Class 1.  All allowed claims entitled to priority under §507(a) of the Code (except administrative expenses under §507(a)(2) and priority tax claims under §507(a)(8)).

2.02:  Class 2.  All secured and partially secured claims against the Debtor's real properties that will be sold and/or title transferred under this Fourth Amended Plan of Reorganization, namely Dauphin and 1311 S. 47th.  The Class 2 Claims are all secured and partially secured claims against Dauphin including, but not limited to, the Claim No. 9 of U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2023-1 (hereinafter "U.S. Bank"), under the mortgage loan on Dauphin, to the extent such claim is allowed as a secured claim under §506 of the Code, and the specified portion of City of Philadelphia Water Revenue Claim No. 1; and all secured and partially secured claims against 1311 S. 47th including, but not limited to, Claim No. 3 of Sherman Bridge Alt Fund, L.P. (hereinafter "Sherman Bridge"), and the specified portion of City of Philadelphia Water Revenue Claim No. 1, together with City of Philadelphia Water Revenue Bureau Claim No. 2, to the extent each such claim is allowed as a secured claim under §506 of the Code.

2.03:  Class 3.  All secured and partially secured claims against Salford including, but not limited to, Claim No. 13 of Wilmington Saving Fund Society, FSB/FCI Lender Services, Inc., Claim No. 4 of Philadelphia Community Development Coalition, Inc. under the Judgment entered on April

4

Debtor Name:     Good Works Housing LLC     Case number: 25-12224-djb

24, 2025, pursuant to a Settlement Stipulation concerning Salford, plus statutory post-judgment interest in Philadelphia Court of Common Pleas Case No. 240800406, and the specified portion of City of Philadelphia Water Revenue Claim No. 1, together with City of Philadelphia Claim No. 8, to the extent each such claim is allowed as a secured claim under §506 of the Code.

2.04:  Class 4.  All non-priority unsecured claims allowed under §502 of the Code.

2.05:  Class 7.  All withdrawn claims, replaced claims, unfiled claims, and disallowed claims.

2.06:  Class 6.  Equity interests in the Debtor by creditors with other claims against the Debtor, in particular Claim No. 15 (amended from Claim No. 14) of Aleksander Allen.

2.07:  Class 8.  Other equity interest security holders in the Debtor.

### ARTICLE 3:  TREATMENT OF ADMINISTRATIVE EXPENSES, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

3.01:  Unclassified claims.  Under section §1123(a)(1), allowed administrative expenses and priority tax claims are not in classes.

3.02:  Administrative expenses.  To the extent the Debtor has sufficient cash on hand as of the effective date of the Plan, administrative expenses allowed under §503 of the Code that are incurred prior to confirmation will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. However, to the extent such administrative claims exceed the funds the Debtor has available to pay such claims, *e.g.*, the administrative claim recently determined by the Court as owed to Mercedes-Benz Financial Services USA, LLC (*see* Opinion and Order, Docs. Nos. 244 and 245, respectively), such claims will be paid in installments during the course of the Plan.  The Debtor will pay all funds on hand in the DIP account above $20,000.00 as of the date of entry of a confirmation Order pro rata to allowed administrative claims other than professional fees on the effective date of the Plan (the "Initial Administrative Claim Payment").

Unless the Court determination of the administrative claim owed to Mercedes-Benz Financial Services USA, LLC is altered by agreement, the allowed administrative claim shall first be paid from any insurance proceeds that may be forthcoming from Progressive Insurance as a result of damage caused to the Mercedes-B G63W4 leased by Debtor from Mercedes Benz of Wilmington.  Any remaining balance after application of insurance proceeds to the allowed administrative claim of Mercedes-Benz Financial Services USA, LLC, shall be paid together with other allowed administrative claims, pro rata.

Administrative expenses allowed for post-confirmation services under §503 of the Code will be paid in accordance with the terms of any Court Order awarding compensation and/or otherwise allowing and providing for treatment and payment of such claim, as such expenses can be afforded by the Debtor from existing financial resources and ongoing net profits.  The Debtor will also pay $5,000.00 to the Subchapter V Trustee on or before the effective date of the Plan, plus additional fees upon Court allowance of such fees.  The Debtor will also pay legal fees to

Debtor Name:    Good Works Housing LLC            Case number: 25-12224-djb

Debtor's counsel upon Court award of interim and/or final compensation as provided in such Court Orders awarding compensation to Debtor's counsel.

Under 11 U.S.C. §1191(e), the balance due on allowed administrative claims after payment of the Initial Administrative Claim Payment on the effective date of the Plan, will be paid in equal monthly installments during the first twenty-four (24) months following confirmation of the Plan, beginning thirty (30) days after confirmation.  All allowed administrative claims shall be paid in full no later than completion of Plan payments.  Allowed administrative claims will be paid pro rata and prior to any distribution to non-priority, general unsecured claims.  Any unpaid allowed administrative claims shall retain their priority status.  The Plan does not discriminate against administrative claimants and does not subordinate their priority to any junior class.  The Debtor's projections demonstrate a reasonable likelihood that all allowed administrative expenses claims will be paid in full within the Plan term.

3.03:  Priority tax claims.  Each holder of an allowed priority tax claim will be paid by the Debtor in equal monthly installments over thirty-six (36) months beginning no later than thirty (30) days after confirmation of this Plan.  The Debtor does not believe there are any such obligations outstanding.

3.04:  Statutory fees.  All unpaid fees required to be paid under 28 U.S.C. §1930 that are owed on or before the effective date of this Plan will be paid on or before the Effective Date.

3.05:  Prospective quarterly fees.  None required.

### ARTICLE 4:  TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01: Claims and interests are treated as follows under this Plan:

**Class Impairment/Treatment**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☒ Impaired ☐ Unimpaired | Class 1 creditors are impaired by this Plan only with respect to the timing of payment; each holder of a Class 1 Priority Claim will be paid in full, but in monthly installments to commence within thirty (30) days after confirmation of the Plan, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – **Secured claims** related to Debtor's properties to be sold under the Plan, at: 505 W. Dauphin Street Philadelphia, PA  19133; and and 1311 S. 47th Street Philadelphia, PA  19143 | ☒ Impaired ☐ Unimpaired | The Class 2 creditors are impaired by this Plan only with respect to the timing of payment and with respect to any reduction in the remaining balance due as agreed to by a particular creditor; the creditors will be paid in full, as agreed, in accordance with the treatment set forth in Article 7 below, or the date on which such claim is allowed by a final non-appealable order, whichever is later. |

6

Debtor Name:     Good Works Housing LLC                        Case number: 25-12224-djb

| | | |
|---|---|---|
| Class 3 – **Secured claims** related to Debtor's properties to be retained under the Plan, at:<br><br>1927 S. Salford Street<br>Philadelphia, PA  19143 | ☒ Impaired<br>☐ Unimpaired | The Class 3 creditors are impaired by this Plan only with respect to the timing of payment; the creditors will be paid the full amount of their filed claims in accordance with the treatment set forth in Article 7 below, or the date on which such claim is allowed by a final non-appealable order, whichever is later. |
| Class 4 – **Non-priority unsecured creditors:** | ☒ Impaired<br>☐ Unimpaired | The Class 5 creditors will be paid pro rata from pool of funds as specified in Article 7 after full payment to Class 1 through 3 creditors, to the extent the claims of any such creditors are allowed. |
| Class 5 – **Creditors with withdrawn claims, replaced claims, unfiled claims, and disallowed claims** | ☒ Impaired<br>☐ Unimpaired | No payment or other compensation to be paid or value to be transferred to Class 5 creditors. |
| Class 6 - **Equity security holders of the Debtor with other claims against the Debtor** | ☒ Impaired<br>☐ Unimpaired | No payment to be made to Class 6 equity security holder of the Debtor under this Plan of Reorganization; such equity security holder will realize his claim through transfer of an interest in the property located at 505 W. Dauphin Street, Philadelphia, PA  19133, to such equity security holder/creditor, or assignee, with the Debtor to retain a residual interest in accordance with the terms of a stipulation between the parties. |
| Class 7 – **Other equity security holders of the Debtor** | ☒ Impaired<br>☐ Unimpaired | No payment to be made to Class 7 equity security holders of the Debtor under this Plan of Reorganization; such equity security holders will realize their claims by retaining their interest in the Debtor and the retained net worth of the reorganized Debtor. |

## ARTICLE 5:  ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01:  Disputed claim.  A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) A proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02:  Delay of distribution on a disputed claim.  No distribution will be made on account of a disputed claim unless and until it is allowed.

5.03:  Settlement of disputed claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Federal Rule of Bankruptcy Procedure 9019.

## ARTICLE 6:  PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor Name:  ___Good Works Housing LLC___                    Case number: 25-12224-djb

(a) The Debtor assumes the following executory contracts and unexpired leases as of the effective date of the Plan, as follows:

| Property | Tenant(s) | Lease Term | Monthly Rent |
|---|---|---|---|
| 1311 S. 47th Street, Unit 1 Philadelphia, PA 19143 | Kevin Baker | 1 year - expires 4/1/26 | $ 1,350.00 |
| 1311 S. 47th Street, Unit 2 Philadelphia, PA 19143 | Nicola Taylor | 1 year - expires 2/2/26 | $ 1,450.00 |
| 1311 S. 47th Street, Unit 3 Philadelphia, PA 19143 | Azim Davis | 1 year - expires 4/2/26 | $ 1,450.00 |
| 1927 S. Salford Street Philadelphia, PA 19143 | Jetaine Taylor | 1 year - expires 6/6/26 | $ 1,750.00 |
| 505 W. Dauphin Street, First Floor Philadelphia, PA 19133 | Naim Brinson | 1 year – expires 5/1/26 | $ 1,250.00 |
| 505 W. Dauphin Street, Second Floor Philadelphia, PA 19133 | Dana Doughty | 1 year - expires 8/31/26 | $ 1,250.00 |

(b) Except for executory contracts and unexpired leases that have been assumed, either before the effective date or under section 6(a) of this Plan, or that are the subject of a pending motion to assume, the Debtor will be conclusively deemed to have rejected all other executory contracts and unexpired leases including, but not limited to, the lease listed below, as of the date of filing of the Debtor's Second Amended Plan of Reorganization. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than fourteen (14) days after the date of rejection.

| Property | Tenant(s) | Lease Term | Monthly Rent |
|---|---|---|---|
| 2021 Mercedes Benz SUV | n/a | 48 months | $ 3,604.41 |

### ARTICLE 7:  MEANS FOR IMPLEMENTATION OF THE PLAN

The primary means for the Debtor to fund implementation of this Plan, including both pre-petition and post-petition obligations is a combination of the rental income received from tenants of the Debtor's properties (*see* the Debtor's Rent Roll – attached as Exhibit "C", incorporated herein by reference), transferring title to Dauphin, selling 1311 S. 47th, refinancing Salford, and acquiring an interest in Glenwood. The Debtor has also attached a three year budget projection to this Plan of Reorganization and marked as Exhibit "D.

The Debtor has entered into a Stipulation concerning 1311 S. 47th with the first mortgage lender, Sherman Bridge (Doc. No. 122) that was approved by the Court (Doc. No. 123), and has entered into an agreement of sale for which the Debtor will be seeking Court approval promptly upon receiving approval of the zoning variance necessary for the Debtor's financing to receive final approval. The Debtor expects to close on the sale of 1311 S. 47th no later than May 4, 2026 (which may be extended no more than thirty (30) additional days under the terms of the Stipulation between the Debtor and the first mortgage lender).

The Debtor will transfer title to Dauphin in conjunction with refinancing by the acquiring company, CCExotics Holdings, LLC (of which claimant Aleksander Allen is the Managing

8

Debtor Name:      Good Works Housing LLC            Case number: 25-12224-djb

Member), to address the outstanding mortgage debt, liens and other claims related to Dauphin. In conjunction with transferring title to Dauphin, the Debtor will acquire a 35% interest in CCExotics Holdings, LLC.  It is anticipated that the refinancing will be completed within no longer than forty (40) days of execution and Court approval of an agreement between the Debtor, Aleksander Allen, and CCExotics Holdings, LLC, which the parties expect to file with the Court on or before the date currently scheduled for the confirmation hearing.  The Debtor has reached agreement with the mortgage lender on Dauphin, U.S. Bank Trust Company, N.A. ("U.S. Bank"), which has memorialized in a Stipulation that was filed of record (Doc. No. 257) and approved by the Court (Doc. No. 261) is incorporated by reference into this Plan.

The Debtor will refinance but retain title to Salford.  It is anticipated that the refinancing will be completed within no longer than forty (40) days from the filing of this Fourth Amended Plan of Reorganization.

As each property is sold and the sale is approved by the Court, the proceeds will be applied after costs of sale and/or refinancing first to pay the full agreed payoff amount or allowed claim amounts of the mortgage lender(s) attributable to such property and the full allowed claim amounts of the City of Philadelphia and the Water Revenue Bureau (hereinafter collectively the "City"; *see* different treatment below of the City's claims related to Newkirk), second to pay the full allowed claim amounts of any other secured claims against each particular property, and third, the Debtor may use the remaining proceeds, if any, toward the acquisition cost and/or renovation of additional real estate.

Unless the Debtor and the City reach a different agreement, the Debtor hereby abandons Newkirk.  Upon confirmation, the City shall be granted relief from the automatic stay with respect to Newkirk.

The Debtor will make payments under this Fourth Amended Plan of Reorganization of $1,000.00 per month beginning thirty (30) days after confirmation until the sales of 1311 S. 47th and Dauphin are closed, then reduce payments to $500.00 per month.  Such payments under the Plan will continue, primarily to fund administrative costs, for the number of months needed to cover all allowed administrative costs not paid upon confirmation from accrued funds in the Debtor in Possession account, and will be paid for a total of thirty-six (36) months if funds are needed in addition to the proceeds from the sale and refinancing described herein to pay all secured claims either as agreed with the lienholder or as allowed by the Court, and to also fund the pool of funds in the amount of $20,000.00 for allowed claims of general unsecured (Class 5) creditors.  The final Plan payment is expected to be paid as soon as six (6) months after confirmation, but in any event, no later than on or about May 31, 2029.

The Debtor shall dedicate all disposable income to Plan payments for thirty-six (36) months. The Debtor shall maintain a segregated account for Plan funding.  Unless this Fourth Amended Plan of Reorganization is confirmed pursuant to 11 U.S.C. §1129(a), the Debtor shall continue to file timely reports with the Court post-confirmation.

Debtor Name:    <u>   Good Works Housing LLC   </u>                    Case number: <u>25-12224-djb</u>

**Remedies Upon Default by Debtor on Obligations to Secured Creditors:**

If the Debtor fails to refinance the U.S. Bank mortgage loan and pay off the mortgage loan to U.S. Bank as provided in the Stipulation filed of record (Doc. No. 257) and approved by the Court (Doc. No. 261), and the Debtor also fails to satisfy the remaining amount of the allowed secured claim for pre-petition and post-petition arrears owed to U.S. Bank within forty (40) days of March 10, 2026, U.S. Bank may send Debtor and counsel a written Notice of Default of the terms of the Stipulation and this Plan.  If the default is not cured within ten (10) days of the date of the Notice, U.S. Bank may file a Certification of Default with the Court and the Court shall enter an Order granting U.S. Bank relief from the Automatic Stay under §362 of the Bankruptcy Code.

Under the terms of the Stipulation with Sherman Bridge Alt Fund, L.P., relief from the automatic stay has already been granted to Sherman Bridge Alt Fund, L.P., and Sherman Bridge Alt Fund, L.P. may exercise its state law rights in the event of a default by the Debtor, subject to the terms of the Stipulation.  Therefore, if the Debtor fails to close on a sale of 1311 S. 47th that generates sufficient proceeds to pay Sherman Bridge Alt Fund, L.P. the agreed payoff amount on a timely basis, Sherman Bridge Alt Fund, L.P. may exercise its rights under the terms of the Stipulation.

If the Debtor fails to timely refinance and pay off the mortgage loan to Wilmington Saving Fund Society, FSB/FCI Lender Services, Inc., and also fails to reach any agreement with Wilmington Saving Fund Society, FSB/FCI Lender Services, Inc. to restructure the remaining balance of the allowed secured claim, Wilmington Saving Fund Society, FSB/FCI Lender Services, Inc. may send Debtor and counsel a written Notice of Default of the terms of this Plan.  If the default is not cured within fifteen (15) days of the date of the Notice, Wilmington Saving Fund Society, FSB/FCI Lender Services, Inc. may file a Certification of Default with the Court and the Court shall enter an Order granting Wilmington Saving Fund Society, FSB/FCI Lender Services, Inc. relief from the Automatic Stay under §362 of the Bankruptcy Code.

If the Debtor fails to pay the City of Philadelphia Claim(s) related to Dauphin by no later than the deadline for refinancing provided in the Stipulation between the Debtor and U.S. Bank, N.A. filed of record (Doc. No. 257) and approved by the Court (Doc. No. 261), then the City of Philadelphia may send Debtor and counsel a written Notice of Default of the terms of this Plan. If the default is not cured within fifteen (15) days of the date of the Notice, the City of Philadelphia may file a Certification of Default with the Court and the Court shall enter an Order granting the City of Philadelphia relief from the Automatic Stay with respect to Dauphin under §362 of the Bankruptcy Code.

If the Debtor fails to pay the City of Philadelphia Claim(s) related to 1311 S. 47th by no later than the deadline for closing on the sale provided in the Stipulation between the Debtor and Sherman Bridge, filed of record (Doc. No. 122) and approved by the Court (Doc. No. 123), then the City of Philadelphia may send Debtor and counsel a written Notice of Default of the terms of this Plan.  If the default is not cured within fifteen (15) days of the date of the Notice, the City of Philadelphia may file a Certification of Default with the Court and the Court shall enter an Order granting the City of Philadelphia relief from the Automatic Stay with respect to 1311 S. 47th under §362 of the Bankruptcy Code.

Debtor Name:      Good Works Housing LLC                    Case number: 25-12224-djb

If the Debtor fails to pay the City of Philadelphia Claim(s) related to Salford by no later than the deadline for timely refinancing the mortgage loan to Wilmington Saving Fund Society, FSB/FCI Lender Services, Inc., then the City of Philadelphia may send Debtor and counsel a written Notice of Default of the terms of this Plan.  If the default is not cured within fifteen (15) days of the date of the Notice, the City of Philadelphia may file a Certification of Default with the Court and the Court shall enter an Order granting the City of Philadelphia relief from the Automatic Stay with respect to Salford under §362 of the Bankruptcy Code.

*See also* the procedure set forth in Section 8.06 below in the event Debtor fails to make the monthly payments for the benefit of holders of allowed general unsecured claims (Class 5 creditors).

## ARTICLE 8: GENERAL PROVISIONS

8.01:  **Definitions and rules of construction**.  The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02:  **Effective Date**.  The Effective Date of this Plan is the day that is fourteen (14) days after the entry of the confirmation order.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the day after the date on which the stay expires or is otherwise terminated.  These periods are calculated as provided in Federal Rule of Bankruptcy Procedure 9006(a)(1).

8.03:  **Termination of Trustee's Service**.  If the Plan is confirmed under section §1191(a), in accordance with §1183(c)(1), the Subchapter V Trustee's services shall automatically terminate upon the plan's substantial consummation.

8.04:  **Substantial Consummation.**  If the Plan is confirmed under section §1191(a), no later than fourteen (14) days after the Plan's substantial consummation, the Debtor shall (i) file the notice required under section 1183(c)(2), and (ii) file a motion for the case to be closed, for the debtor's discharge, and for a final decree.

8:05:  **Post-Confirmation Reporting**.  If the Plan is confirmed under section §1191(b), the Debtor must file post-confirmation reporting (the "Reports") from the date of entry of this Order until the time of closing of the bankruptcy case.  The Reports must comply with Local Rule 3021-1 and must include the small business post-confirmation report required by the Office of the United States Trustee, which form is entitled *Office Of The United States Trustee - Region 3 Post-Confirmation Quarterly Summary Report*.  The Debtor must file each Report on or before the 20th day after the end of each calendar quarter.

8.06:  **Default**.  Notwithstanding any provision of the Plan, if the Debtor fails to make payment or perform any obligation under the Plan, the Debtor shall give written notice of the default (the "Default Notice") to the Subchapter V Trustee and the U.S. Trustee by e-mail and first-class mail, postage prepaid, on or prior to the tenth (10th) business day following the default and file a

11

Debtor Name: ____Good Works Housing LLC____                    Case number: 25-12224-djb

copy of the Default Notice electronically on the public docket.  The Debtor shall have twenty-one (21) calendar days from the issuance of a Default Notice (the "Notice Period") to cure all defaults.  If the Debtor fails to cure all defaults within any Notice Period, the Subchapter V Trustee may certify the default to this Court.  Upon certification of default by the Subchapter V Trustee, the Court may enter the following relief:

(a) if the default is with respect to an obligation to a secured creditor, and either the Subchapter V Trustee or the secured creditor files a certification of default in accordance with this paragraph, the Court may grant relief from the automatic stay to such secured creditor to proceed with its remedies in state court;

(b) if the default is with respect to an obligation to an unsecured priority creditor, and either the Subchapter V Trustee or the unsecured priority creditor files a certification of default in accordance with this paragraph, the Court may grant relief from the automatic stay to such unsecured priority creditor to proceed with its statutory remedies or any federal or state court litigation to collect its allowed claim;

(c) if the default is with respect to an obligation to a general unsecured creditor, and either the Subchapter V Trustee or the unsecured creditor files a certification of default in accordance with this paragraph, the Court may grant relief from the automatic stay to such unsecured creditor to proceed with its remedies in state court;

(d) in the alternative to the foregoing default remedies, if either the U.S. Trustee or Subchapter V Trustee files a certification of default in accordance with this paragraph and requests a hearing, the Court may schedule a hearing to consider whether to dismiss the case or convert the case to Chapter 7.

8.07.  **Severability**.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.08:  **Binding effect**.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.09:  **Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.10:  **Controlling effect**.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.11:  **Retention of Jurisdiction**.  The Court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters, including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification.  Neither this provision nor

Debtor Name: ___Good Works Housing LLC___                    Case number: 25-12224-djb

anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by title 28 of the United States Code.

## ARTICLE 9:  DISCHARGE

If the Debtor's Plan is confirmed under §1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in §1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i)      imposed by this Plan; or

    (ii)     to the extent provided in §1141(d)(6).

If the Debtor's Plan is confirmed under §1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge upon completion of all payments due within the first 3 years of this Plan, or as otherwise provided in §1192 of the Code. The Debtor will not be discharged from any debt:

    (i)      on which the last payment is due after the first 3 years of the plan, or as otherwise provided in §1192; or

    (ii)     excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE 10: OTHER PROVISIONS – N/A

Respectfully submitted,

Dated: ___4-17-26___

_____

Good Works Housing LLC
by Anthony S. Goodwin, Managing Member

REGIONAL BANKRUPTCY CENTER OF
SOUTHEASTERN PA, P.C., by:

Dated: ___April 16, 2026___

_____

Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA  19083
(610) 446-6800

Attorney for Debtor

13